# CASES REPORTED WITH BRIEF SYLLABI

AND

# DECISIONS HANDED DOWN WITHOUT OPINION.

SECOND DEPARTMENT, NOVEMBER, 1917.

In the Matter of the Petition of ROBERT L. CHAPMAN, Appellant, to Prove the Last Will and Testament of MARTHA E. CHAPMAN, Deceased. HENRY E. CHAPMAN, Respondent.

*Wills — fraud and undue influence — sufficiency of evidence.*

Appeal from a decree of the Surrogate's Court of Kings county, entered February 26, 1917, denying probate, and also from an order entered on the same day, denying the petitioner's motion for a new trial.

PUTNAM, J.: The paper propounded as the will of Mrs. Chapman was executed only about a week after an exciting family controversy touching the disposition of the Stock Exchange seat of the late Henry T. Chapman, deceased's husband. Filial and parental relations had been abruptly broken off, so that the elder son had not been thereafter admitted to his mother's home. Deceased had been in a highly wrought nervous state, especially when fearful of loss of her property. The testimony showed an influence that made her fear to oppose her younger sons. Deceased had expressed regrets at her alleged will, saying, however, it was all over now, as she would soon die, and let the brothers " fight it out." No objection was made to the form of the controverted questions of fact to be tried. There was a fair conflict of evidence, which was submitted to the jury in a charge free from error. The jury found for the contestant on the issue of fraud and undue influence. In view of all the testimony, we think the learned surrogate rightly denied proponent's motion for a new trial. The decree and order of the Surrogate's Court of Kings county are, therefore, affirmed, with costs payable out of the estate. Stapleton, Rich and Blackmar, JJ., concurred; Jenks, P. J., not voting. Decree and order of the Surrogate's Court of Kings county affirmed, with costs payable out of the estate.